Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: service@moorelawfirm.com

Attorneys for Plaintiff
Albert Dytch

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH,<br><br>             Plaintiff,<br><br>     vs.<br><br>BROTZEIT-LOKAL LLC; CITY OF OAKLAND;<br><br>             Defendants. | No.<br><br>**COMPLAINT FOR:**<br><br>1) **Violations of Title II of the Americans with Disabilities Act of 1990**<br><br>2) **Violations of Title III of the Americans with Disabilities Act of 1990**<br><br>3) **Violations of the California Unruh Civil Rights Act**<br><br>4) **Denial of Full and Equal Access to Public Facilities under California Law** |

Plaintiff, ALBERT DYTCH ("Plaintiff"), alleges as follows:

## I.     PARTIES

1.     Plaintiff is a resident of the city of Oakland, California, who is physically disabled, as defined by both state and federal law. Specifically, he suffers from muscular dystrophy, has limited dexterity and is substantially limited in his ability to walk, requiring a wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

1   2.   Defendant BROTZEIT-LOKAL LLC ("Brotzeit-Lokal") is a registered California business entity. Plaintiff is informed and believes, and thereon alleges, that Brotzeit-Lokal owns, operates, and/or maintains Brotzeit Lokal, a restaurant located at 1000 Embarcadero in Oakland, California ("the Restaurant").

3.   Defendant CITY OF OAKLAND ("the City," and together with Brotzeit-Lokal, collectively "Defendants") is a public entity. Plaintiff believes, and thereon alleges, that the City owns, operates, and/or maintains the real property in and on which the Restaurant is located, including the restroom that serves the Restaurant ("the Restroom"). The Restaurant and Restroom are referred to collectively herein as "the Facility."

## II.   JURISDICTION

4.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for violations of Title II and III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

5.   Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

6.   Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

7.   The real property which is the subject of this action is located within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b).

## IV.   FACTS

8.   Plaintiff lives within approximately five miles of the Facility and visited the Facility on or about December 7, 2018 to have lunch with his wife at the Restaurant. During his visit to the Facility, Plaintiff encountered the following barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility:

   a)   The front door handle at the entrance to the Restaurant was mounted too high to reach, and the door was too heavy and difficult to open without assistance. Plaintiff needed the help of another to open and hold the door

1                     as he maneuvered through the doorway.

2         b)        The threshold at the entrance to the hallway leading to the Restroom had a large height change with a very steep slope, which was difficult and uncomfortable for Plaintiff to maneuver over as he traveled in his wheelchair.

        c)        Plaintiff had difficulty maneuvering his wheelchair into the Restroom as the hallway door swung outwards into the hall, blocking the path of travel to the Restroom door. He had to close the hallway door prior to continuing on to the Restroom entrance.

        d)        The Restroom toilet stall was too narrow, preventing Plaintiff from being able to safely transfer between his wheelchair and the toilet. He had to wait until his next destination to relieve himself, which was uncomfortable.

        e)        The Restroom lavatory was located above a cabinet, with no knee and toe clearance, preventing Plaintiff from using the sink to wash his hands.

9. Plaintiff enjoyed the goods and services provided at the Facility, and intends to return to the Facility when it is made accessible so that he can enjoy all the goods and services the Facility offers. Unfortunately, he was denied the same experience as others in the Facility because he was denied full and equal access, and was forced to suffer great difficulty, discomfort and embarrassment, as a result of his disability.

10. The Facility is a program, service and activity offered by Defendants to the general public.

11. On information and belief, there are other access barriers and discriminatory policies that relate to Plaintiff's disabilities such that they exclude and deter Plaintiff and others similarly situated from enjoying full and equal access to the programs, services and activities offered by Defendants to the general public at the Facility. Specifically, Plaintiff is aware of the following additional barriers which exist at the Facility and relate to his disabilities:

///

a) An insufficient number of properly configured and identified designated accessible parking stalls are provided based on the total number of parking stalls serving the Facility, and no van-accessible stall is provided.

b) The designated accessible parking stall and access aisle serving the Facility lack proper pavement markings and dimensions.

c) The signage at the designated accessible parking stall serving the Facility is positioned too low.

d) The designated accessible parking stall and access aisle serving the Facility contain excessive slopes, changes in level, and gaps in the walking surface.

e) Proper tow-away signage is not provided.

f) The route of travel serving the Restaurant entrance and exterior patio dining area contains excessive cross slopes, changes in level, and openings in the walking surface.

g) The required maneuvering clearances at the exterior side of the primary Restaurant entrance contain excessive slopes and obstructions.

h) The threshold at the primary Restaurant entrance is improperly configured, creating excessive changes in level.

i) The primary Restaurant entrance door lacks a proper smooth, uninterrupted bottom portion of the push side of the door.

j) The interior door hardware at the primary Restaurant entrance is located too high.

k) The primary Restaurant entrance door requires excessive force to open.

l) The Restaurant patio sliding doors lack accessible door hardware.

m) The threshold at the Restaurant patio sliding doors is improperly configured, creating excessive changes in level.

///

1      n)      The waiting area at the Restaurant lacks a proper clear floor space for a wheelchair.

o)      The business cards, toothpicks, and Caviar cards at the Restaurant host station are positioned too high.

p)      No properly configured accessible seating spaces are provided within the Restaurant interior and exterior dining areas with proper knee and toe clearances, clear floor space located outside of the required clear width of the accessible routes of travel, maneuvering clearances to approach the seating space, and dispersed through the dining areas to offer the same experience to disabled patrons as to able-bodied patrons.

q)      The routes of travel through the dining areas at the Restaurant lack proper clear width.

r)      The floor within the side dining area at the Restaurant, near the exterior patio, contains excessive slopes.

s)      The dining counter at the Restaurant lacks a proper lowered accessible portion of the counter and accessible seating space.

t)      The self-serve items located on the dining counter at the Restaurant (e.g. take-out menus, boating publications, games, etc.) require an obstructed reach over the counter, which exceeds the maximum allowable obstruction height.

u)      The route of travel within the exterior patio area at the Restaurant contains excessive cross slopes, changes in level, and gaps in the walking surface.

v)      The ground within the exterior dining area at the Restaurant contains excessive slopes.

w)      The fire extinguisher within the dining area at the Restaurant is positioned with its operable parts too high.

///

*Dytch v. Brotzeit-Lokal LLC., et al.*
Complaint

Page 5

12. Plaintiff is presently unaware of other barriers which may in fact exist at the Restroom and relate to his disabilities. The extent of these additional barriers will be made known after a full inspection of the Facility, and if necessary, reflected in an amendment of Plaintiff's Complaint.

13. On information and belief, the Facility has been altered since January 26, 1993.

14. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and continues to be, denied full and equal access to the programs, services and activities offered to the public in and about the Facility on account of his disability, and he has suffered discrimination, humiliation, frustration, embarrassment, fear, difficulty and discomfort, all to his damage.

15. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly situated persons with disabilities.

## V.    GOVERNMENT CLAIM FILED

16. Plaintiff timely filed a claim pursuant to California Government Code section 910 with the City on or about June 3, 2019, which claim was rejected by the City on or about June 13, 2019.

## VI.    FIRST CLAIM

**Title II of the Americans with Disabilities Act of 1990**

**(42 U.S.C. § 12131, *et seq.*)**

**Against the City**

17. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

18. The Facility is a program, service and activity offered by the City to the general public.

19. As the result of the City's acts and omissions, as herein described, Plaintiff was, and continues to be, denied full and equal access to the programs, services and activities offered to the public in and about the Facility on account of his disability, and as a proximate

1  result he has suffered discrimination, humiliation, frustration, embarrassment, difficulty, and
2  discomfort, all to his damage.

3    20.  The nature of the City's discrimination constitutes an ongoing violation, and
4  unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other
5  similarly situated persons.

6    21.  Title II of the ADA provides in pertinent part: "[N]o qualified individual with a
7  disability shall, by reason of such disability, be excluded from participation in or be denied the
8  benefits of the services, programs, or activities of a public entity, or be subjected to
9  discrimination by any such entity." 42 U.S.C. § 12132. Title II's enforcement provision states
10 that Title II's rights and remedies "shall be the remedies, procedures, and rights this subchapter
11 provides to *any person* alleging discrimination on the basis of disability..." 42 U.S.C.
12 § 12133 (emphasis added). Further, Title II's implementing regulations provide that "[a] public
13 entity shall not exclude or otherwise deny equal services, programs, or activities to an
14 individual or entity because of the known disability of an individual with whom the individual
15 or entity is known to have a relationship or association." 28 C.F.R. § 35.130(g).

16   22.  At all times relevant to this action, the City was a "public entity" within the
17 meaning of Title II of the ADA, and provided programs, services and/or activities to the
18 general public at the Facility.

19   23.  Plaintiff is, and at all times relevant herein was, a "qualified individual with a
20 disability" within the meaning of Title II of the ADA, and meets the essential eligibility
21 requirements for the receipt of the services, programs, or activities offered by the City at the
22 Facility.

23   24.  Plaintiff is, and at all times relevant herein was, a person alleging discrimination
24 based upon his disability.

25   25.  To be considered accessible, a threshold at an interior doorway must not exceed
26 one-half inch and be beveled with a slope no greater than 1:2. Americans with Disabilities Act
27 Accessibility Guidelines, 28 C.F.R. Part 36, App. A ("ADAAG"), § 4.13.8. The threshold at
28 the entrance to the hallway leading from Brotzeit Lokal to the Restroom was over one-half inch

1  and/or was not properly beveled, and therefore not accessible.

2    26. To be considered accessible, doors in series must be at least 48 inches, plus the width of any door swinging into the space, apart. ADAAG § 4.13.7. The hallway leading to the Restroom did not provide sufficient space between the doors, and was therefore not accessible.

  27. To be considered accessible, a toilet stall must be at least 60 inches wide. ADAAG § 4.17.3. The toilet stall in the Restroom was less than 60 inches wide, and therefore not accessible.

  28. To be considered accessible, a lavatory must provide knee and toe clearances beneath it measuring at least 29 inches from the bottom of the apron to the finish floor. ADAAG § 4.19.2. The lavatory in the Restroom was located in a cabinet, with no knee and toe clearances, and therefore was not accessible.

  29. The duties to make the Facility accessible to Plaintiff enumerated herein were mandatory duties held by the City. The City is deemed to have knowledge of these duties.

  30. The City's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities they offer to members of the public at the Facility, in violation of Title II of the ADA and its implementing regulations. Specifically, Plaintiff was denied access to the Facility on account of his disability.

  31. On information and belief, to the date of the filing of this Complaint, the City has failed to make the Facility accessible to and useable by persons with disabilities, as required by law, has failed to maintain existing facilities in a properly accessible condition, and has intentionally maintained policies and/or practices of denying full and equal access to their facilities to persons with disabilities.

  32. Plaintiff requests that an injunction be issued requiring that the City make the Facility accessible to and useable by persons with disabilities who have mobility impairments, and to maintain the Facility in an accessible condition.

///

///

///

## VII. SECOND CLAIM

## Title III of the Americans with Disabilities Act of 1990

## (42 U.S.C. § 12181, *et seq.*)

## Against Brotzeit-Lokal

33. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

34. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a). Section 12182(b)(1)(E) of the ADA also provides that it is illegal to "exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

35. Brotzeit-Lokal discriminated against Plaintiff by denying him the equal goods, services, facilities, privileges, advantages, accommodations or other opportunities as a result of his disability.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

36. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

37. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

38. Here, Plaintiff alleges that Brotzeit-Lokal can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Brotzeit-Lokal violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

39. In the alternative, if it was not "readily achievable" for Brotzeit-Lokal to remove the Restaurant's barriers, then Brotzeit-Lokal violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Make an Altered Facility Accessible</u>

40. Plaintiff alleges on information and belief that the Restaurant was modified after January 26, 1993, independently triggering access requirements under the ADA.

41. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

42. Here, Brotzeit-Lokal altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

43. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

44. Here, Brotzeit-Lokal violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

<u>Failure to Maintain Accessible Features</u>

45. Brotzeit-Lokal additionally violated the ADA by failing to maintain in operable working condition those features of the Restaurant that are required to be readily accessible to and usable by persons with disabilities.

///

1  46. Such failure by Brotzeit-Lokal to maintain the Restaurant in an accessible
2 condition was not an isolated or temporary interruption in service or access due to maintenance
3 or repairs.
4  47. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney
5 fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

## VIII. THIRD CLAIM

### California Unruh Civil Rights Act

### California Civil Code § 51, *et seq*.

### Against All Defendants

10  48. Plaintiff re-pleads and incorporates by reference the allegations contained in
11 each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.
12  49. California Civil Code § 51 (the Unruh Civil Rights Act) states, in part, that: All
13 persons within the jurisdiction of this state are entitled to the full and equal accommodations,
14 advantages, facilities, privileges, or services in all business establishments of every kind
15 whatsoever.
16  50. California Civil Code § 51.5 also states, in part that: No business establishment
17 of any kind whatsoever shall discriminate against any person in this state because of the
18 disability of the person.
19  51. The Facility is a business establishment which is open to the public and
20 provides services to the public.
21  52. California Civil Code § 51(f) specifically incorporates (by reference) an
22 individual's rights under the ADA into the Unruh Act Civil Rights Act.
23  53. Defendants' aforementioned acts and omissions denied the physically disabled
24 public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges
25 and services in a business establishment (because of their physical disability), in violation of
26 the ADA, which is therefore a violation of the California Unruh Civil Rights Act.
27 ///
28 ///

*Dytch v. Brotzeit-Lokal LLC., et al.*
Complaint

Page 11

54. Defendants' failure to provide Plaintiff full and equal access to the Facility on account of his disability caused Plaintiff difficulty, discomfort and embarrassment, all to Plaintiff's damage.

55. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

56. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of $4,000 for each offense.

57. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and the ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities under California Law**

**Against All Defendants**

58. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

59. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

60. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

61. Plaintiff alleges that the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

62. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

# VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.
3. Attorneys' fees, litigation expense, and costs of suit.[1]
4. Interest at the legal rate from the date of the filing of this action.
5. For such other and further relief as the Court deems proper.

Dated: 09/05/2019                                          MOORE LAW FIRM, P.C.

                                                                    */s/ Tanya E. Moore*
                                                                    Tanya E. Moore
                                                                    Attorneys for Plaintiff,
                                                                    Albert Dytch

---

[1] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Dytch v. Brotzeit-Lokal LLC., et al.*
Complaint

# VERIFICATION

I, ALBERT DYTCH, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:   09/05/2019                             */s/ Albert Dytch*
                                                Albert Dytch

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                                */s/ Tanya E. Moore*
                                                Tanya E. Moore, Attorney for
                                                Plaintiff, Albert Dytch